IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 1:19-cr-216 (JMC) |
| ) | |
| EGHBAL SAFFARINIA ) | |
| (a/k/a "EDDIE SAFFARINIA"), ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S NOTICE TO COURT REGARDING
REMAINING EVIDENTIARY DISPUTES CONCERNING TRIAL EXHIBITS**

By Minute Order dated August 23, 2022, the Court set a briefing schedule and hearing regarding the government's Motion for Reconsideration and Clarification. The Court also informed the parties in the Minute Order that, "If there are specific exhibits that are in dispute and the Parties would like the Court to resolve those disputes at the hearing, the Parties will need to identify the exhibits and the dispute, and provide the exhibits by 11:00 AM on August 30, 2022." The Minute Order followed the Court's August 19, 2022 directives to the parties to "confer to address the effect of these categorical rulings on the emails that the Government seeks to admit at trial, and to discuss whether any disputes remain light of the Court's ruling[.]" ECF No. 134 at 6-7.

The parties have attempted to confer to identify any specific exhibits about which disputes remain, following the Court's rulings on the various motions *in limine*. To that end, on August 22, 2022, the parties agreed to exchange revised exhibits lists—modified based on the Court's evidentiary rulings—including the proffered basis for admission of each parties' exhibits. This exchange was to occur on August 24, 2022. Defense counsel agreed to provide the government with any objections to the exhibits that remained on the government's list by August 25, 2022.

On August 24, 2022, the government provided defense counsel a revised version of its exhibit list. *See* Exhibit 1.[1] In its revised list, the government removed exhibits that it had determined were excluded based on the Court's recent rulings. The government also noted it had redacted exhibits containing certain information that the government determined was excluded based on those same rulings. Defense counsel did not provide a revised exhibit list to the government.

On August 25, 2022, defense counsel asked the government whether it had changed the bases for admission for any of the exhibits that remained on the government's exhibit list. The government referenced the changes made to the exhibit list, including the deletions and redactions, and informed defense counsel that it believed the exhibits were admissible for the reasons listed on its exhibit list. The government also noted, as it has throughout the briefing on the motions *in limine*, that portions of some of its exhibits may be admissible to show the effect on the listener and/or are not offered for the truth of the matter asserted, or admissible pursuant to the state of mind exception under Federal Rule of Evidence 803(3).

Defense counsel demanded a new exhibit list by the end of the day that set forth any theoretically possible basis for admission for each of the government's exhibits. At the same time, defense counsel also informed the government that the defense would not be providing any objections until August 29, 2022. The government reviewed its list yet again and identified only one exhibit that, in its entirety, the government did not intend to offer for the truth of the matter. The government identified this exhibit for the defense. When the government declined to revise its exhibit list any further, defense counsel asked the government to agree that, should the Court

---

[1] Defense counsel has filed with the Court a letter purporting to describe the communications between the parties. ECF No. 148-1. Because the government disagrees with the defendant's characterization of those communications, including the content of a telephone call on August 19, 2022, the government is attaching the parties' e-mail exchanges as exhibits to this notice.

2

disagree with the government's stated bases for admission, the government would not argue that its exhibits were admissible *for any other purpose*. The government declined to be cabined in such a way prior to trial. In response, defense counsel informed the government that they would not provide objections to specific government exhibits. *See* Exhibit 2.

To be clear, there is nothing to prevent defense counsel from acknowledging that any or all exhibits included on the government's revised exhibit list are admissible for the purposes described on the government's revised exhibit list—and thus resolving the admissibility of those specific items. For instance, many government exhibits are standard business or public records that are admissible—even if admitted for their truth—under longstanding hearsay exceptions that are specifically identified on the government's exhibit list. It is unnecessary for the government to articulate every conceivable basis for admission for each exhibit where the grounds for admission described in the government's detailed exhibit list are straightforward and accepted by both parties. By the same token, there is nothing to prevent defense counsel from objecting to specific government exhibits on the basis that the grounds for admissibility described in the government's exhibit list do not support their admission. Nonetheless, the defense has refused to state its position as to any government exhibits. And because of its all-or-nothing approach, the defense has declined to narrow the universe of potential objections to those exhibits that are truly likely to be the subject of dispute at trial.

Given defense counsel's refusal to object to specific exhibits, it is the government's understanding that any additional disputes remaining about exhibits—which it anticipates may be many—will need to be resolved by the Court at trial. At the Court's request, the government is able and willing to provide its updated exhibit list as well as a full set of its exhibits to the Court prior to trial.

        Respectfully submitted,

        COREY R. AMUNDSON
        Chief, Public Integrity Section

By: _/s/ E. Sullivan_____
        Edward P. Sullivan
        Senior Litigation Counsel
        Rosaleen T. O'Gara
        John Taddei
        Trial Attorneys
        Public Integrity Section
        U.S. Department of Justice

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendant.

_/s/ E. Sullivan_
Edward P. Sullivan

Dated:  August 30, 2022