| | |
|---|---|
| **From:** | Taddei, John (CRM) |
| **To:** | Nitz, Eric; O"Gara, Rosaleen (CRM); Sullivan, Edward (CRM); Shur, Justin; Clarke, Elizabeth |
| **Subject:** | RE: Govt"s Amended Exhibit List |
| **Date:** | Thursday, August 25, 2022 7:56:41 PM |

Eric,

No, that is not the government's position. Please see Rosie's earlier emails.


John P. Taddei
Public Integrity Section
Criminal Division, U.S. Department of Justice
1301 New York Ave. NW, Suite 1036  |  Washington, DC 20530
office: 202-514-3885  |  mobile: 202-531-9451
email: john.taddei@usdoj.gov


**From:** Nitz, Eric <enitz@mololamken.com>
**Sent:** Thursday, August 25, 2022 5:32 PM
**To:** O'Gara, Rosaleen (CRM) <Rosaleen.O'Gara2@usdoj.gov>; Sullivan, Edward (CRM) <Edward.Sullivan@usdoj.gov>; Shur, Justin <jshur@mololamken.com>; Clarke, Elizabeth <eclarke@mololamken.com>
**Cc:** Taddei, John (CRM) <John.Taddei@usdoj.gov>
**Subject:** [EXTERNAL] RE: Govt's Amended Exhibit List

Rosie,

Thank you for your response.  We understand you to be saying that the government does not intend to argue alternative bases of admissibility for its exhibits, but that the Court may raise those grounds sua sponte.  Can you please confirm that is your position?

Best regards,
Eric

**From:** O'Gara, Rosaleen (CRM) <Rosaleen.O'Gara2@usdoj.gov>
**Sent:** Thursday, August 25, 2022 5:20 PM
**To:** Nitz, Eric <enitz@mololamken.com>; Sullivan, Edward (CRM) <Edward.Sullivan@usdoj.gov>; Shur, Justin <jshur@mololamken.com>; Clarke, Elizabeth <eclarke@mololamken.com>
**Cc:** Taddei, John (CRM) <John.Taddei@usdoj.gov>
**Subject:** RE: Govt's Amended Exhibit List

Eric:

As noted below, GX 15 is the only exhibit that we would offer for a non-hearsay purpose pursuant to Rule 801(c). It is our position that all of our other exhibits are, at least in part, hearsay excepted under the rules that we cite or non-hearsay under Rule 801(d).  You are asking us to confirm that there are no other possible bases for a document's admission.  However, the court may disagree with us that a particular document does not come in for the truth of the matter asserted.  In such an instance, the court may determine in the alternative that it can be admitted as non-hearsay pursuant to Rule 801(c).  You are asking us to foreclose this possibility and this argument, which would be inappropriate at this juncture.

**Rosaleen O'Gara**
Trial Attorney
U.S. Department of Justice

---

**From:** Nitz, Eric <enitz@mololamken.com>
**Sent:** Thursday, August 25, 2022 4:24 PM
**To:** O'Gara, Rosaleen (CRM) <Rosaleen.O'Gara2@usdoj.gov>; Sullivan, Edward (CRM) <Edward.Sullivan@usdoj.gov>; Shur, Justin <jshur@mololamken.com>; Clarke, Elizabeth <eclarke@mololamken.com>
**Cc:** Taddei, John (CRM) <John.Taddei@usdoj.gov>
**Subject:** [EXTERNAL] RE: Govt's Amended Exhibit List

Rosie,

We disagree with your characterization of the Court's order, as we explained last Friday.  The Court's order was clear:  "The Parties are ORDERED to first confer to address the effect of these categorical rulings on the emails that the Government seeks to admit at trial, and to discuss whether any disputes remain in light of the Court's rulings here and in other recently resolved motions in limine."

We cannot have that discussion unless you tell us your basis for admitting the emails.  For example, the Court concluded that certain of the government's exhibits were admissible because they were not being offered for the truth.  There may be other exhibits where, given that ruling, we would not object if the exhibit were offered for that purpose.  But we cannot make that determination unless you identify the exhibits that are being offered for that purpose.

From your email, it appears that you are asserting that *all* of your exhibits, save GX 15, are being offered for the truth.  If that is the government's position, we will evaluate our objections accordingly.  However, we ask that you confirm the government will not later argue that an exhibit is admissible for a non-hearsay purpose, or under some hearsay exception or non-hearsay theory, that is not currently identified in your exhibit list.  We are hoping to avoid a situation where we invest a significant amount of time to evaluate our objections, only to have you shift your theory of admissibility at next week's pretrial conference.  If you have additional (or alternative) theories of

admissibility, you should identify them now so that we may evaluate whether there actually is a dispute, address any dispute, and raise it appropriately for the Court.

If you are not willing to provide that confirmation, then we may have no choice but to seek relief from the Court.

Best regards,
Eric

**From:** O'Gara, Rosaleen (CRM) <Rosaleen.O'Gara2@usdoj.gov>
**Sent:** Thursday, August 25, 2022 3:52 PM
**To:** Nitz, Eric <enitz@mololamken.com>; Sullivan, Edward (CRM) <Edward.Sullivan@usdoj.gov>; Shur, Justin <jshur@mololamken.com>; Clarke, Elizabeth <eclarke@mololamken.com>
**Cc:** Taddei, John (CRM) <John.Taddei@usdoj.gov>
**Subject:** RE: Govt's Amended Exhibit List

Eric –

We are not involved in any gamesmanship regarding the exhibits. To the contrary, we have attempted to work with you and your colleagues in good faith throughout this matter. We did file a number of motions in limine in the hopes of avoiding a tedious exhibit by exhibit objection, response, and ruling by the court during trial. Your continued objection to nearly all of our exhibits, however, has made that difficult both for us and for the Court. We therefore understand that the Court is willing to look at each disputed exhibit and attempt to rule pre-trial where she can (but her ruling certainly did not dictate that that determination be made prior to trial; she indicated that for many of the exhibits, such as those we proffered may be admissible as statements by participants in a joint venture, she would assess at trial). While we had hoped to not have to put the Court through this exercise pre-trial, we understand that to now be the process given your objections, and are proceeding as directed by the judge.

The exhibits remaining on our list, we believe, are admissible for the reasons previously and currently listed on the exhibit list. Many of them are admissible as business or public records, but because the Court has ruled that the emails are not admissible under those provision en masse, we are now planning for our witnesses to lay a foundation for their admissibility under those provisions where appropriate. But as we have repeatedly said, there may be and indeed are other bases for their admission that the Court will by necessity have to assess at the time of their presentation. As experienced trial attorneys, we all understand that the context and presentation of the exhibits may impact the basis for their admission; motions in limine cannot and rarely ever do resolve the admissibility of every single exhibit prior to trial. Nevertheless, in a continued good faith effort to work with you, we have (again) looked back at the list to see if there are any exhibits that we would ONLY offer for a non-hearsay purpose at this juncture. The only exhibit we have identified that now falls into that category is GX 15, which we would offer not for the truth of the matter. Beyond that, we will not be amending our exhibit list to add additional reasons why our exhibits may be admissible. We do not see any reason why an emergency motion or an extension of the schedule we agreed to with you is necessary.

You can let us know if you object to each exhibit if we offer them for their truth or for any purpose at all. And although we believe that the judge has appropriately deferred ruling on that until she sees and understands the context for which we intend to offer them at trial, we will provide any disputed exhibits to the Court as she has requested so that she is aware of and can rule on those objections when appropriate – either ahead of trial, or during the presentation of evidence.

**Rosaleen O'Gara**
Trial Attorney
U.S. Department of Justice

---

**From:** Nitz, Eric <enitz@mololamken.com>
**Sent:** Thursday, August 25, 2022 1:02 PM
**To:** Sullivan, Edward (CRM) <Edward.Sullivan@usdoj.gov>; O'Gara, Rosaleen (CRM) <Rosaleen.O'Gara2@usdoj.gov>; Shur, Justin <jshur@mololamken.com>; Clarke, Elizabeth <eclarke@mololamken.com>
**Cc:** Taddei, John (CRM) <John.Taddei@usdoj.gov>
**Subject:** [EXTERNAL] RE: Govt's Amended Exhibit List

Ed,

On August 22, I emailed you requesting that the government identify the exhibits that it still intends to introduce and the "complete basis for admissibility of each exhibit." This was after you represented to the Court at the pre-trial conference that there were grounds for admissibility other than those you'd identified on your original exhibit list. Rosie responded the same day, saying, "Your proposal for us to send you our amended exhibit list **with the proffered basis for admission works for us.**"

We therefore expected to receive an exhibit list that identified the specific exhibits that you intended to admit for something other than the truth, to show state of mind, or under Rule 803(3). This would allow us to identify those exhibits for which our objections have been resolved.

Your exhibit list, however, did not identify any basis for admissibility other than the ones you have previously offered (with the exception of GX 6, which is an entirely new exhibit that the government added to the list). We therefore assumed that you were no longer seeking to offer the exhibits for any reason other than those listed on the exhibit list. If that is not the case, the government needs to identify the **complete** basis for admissibility of each exhibit so that we can evaluate whether the Court's prior orders resolved our objections.

We would like to work in good faith to resolve the disputes in this case so that neither the Court's nor our own time is wasted at next week's pretrial conference.  For example, it may be that, for certain exhibits, we would agree that they are admissible for something other than the truth, but that they do not meet the business-records hearsay exception.  We cannot make that determination, however, if you have not identified the exhibits that you are offering for something other than the truth.

Respectfully, the government's gamesmanship with respect to its exhibit list is growing tiresome.  The government filed the motion in limine seeking preliminary rulings on the admissibility of its exhibits.  The government at the pretrial conference argued that exhibit-by-exhibit rulings would be disruptive and waste time at trial.

We have attempted to accommodate the government's concerns—which has required a significant amount of work given the large number of exhibits the government has identified (all while acknowledging that it likely won't introduce many of them).  That task has become near impossible as the government's theories of admissibility continue to shift or remain unidentified.  Those shifting theories and your unwillingness to provide the complete basis for admissibility are particularly troubling given that the government previously "object[ed] to the defendant's efforts to preserve a right to amend or supplement his exhibits."  Dkt. 116.  With respect to the basis for admissibility, it appears that the government has now adopted the "wait-and-see" strategy that it once criticized.  *Id.*

By the end of the day today, please serve a new exhibit list that identifies the complete basis of admissibility for each exhibit.  By 5 PM on Monday, we will then provide you with our list of exhibits that, in our view, involve unresolved objections, and you can provide copies of the disputed exhibits to the Court on Tuesday.  If you are unwilling to provide this information, please let us know that 5 PM.  We may file an emergency motion this evening asking for an order directing the government to provide this information so that we can have a productive pretrial conference next week.

Best regards,
Eric

---

**From:** Sullivan, Edward (CRM) <Edward.Sullivan@usdoj.gov>
**Sent:** Thursday, August 25, 2022 12:03 PM
**To:** Nitz, Eric <enitz@mololamken.com>; O'Gara, Rosaleen (CRM) <Rosaleen.O'Gara2@usdoj.gov>; Shur, Justin <jshur@mololamken.com>; Clarke, Elizabeth <eclarke@mololamken.com>
**Cc:** Taddei, John (CRM) <John.Taddei@usdoj.gov>
**Subject:** RE: Govt's Amended Exhibit List

Eric – Thank you for your email.  The changes made to the exhibit list were noted in Rosie's email below.  In addition to the bases for admission listed on the government's exhibit list, we have previously noted throughout the parties' briefing and during the Court's recent hearing that certain portions of the e-mails are admissible to show the effect on the listener and/or are not offered for the truth of the matter asserted (see Fed. R. of Evid. 801(c)).  Other portions of e-mails are

admissible pursuant to the state of mind exception, see Fed. R. of Evid. 803(3).

Regards,

Ed

---

**From:** Nitz, Eric <enitz@mololamken.com>
**Sent:** Thursday, August 25, 2022 10:02 AM
**To:** O'Gara, Rosaleen (CRM) <Rosaleen.O'Gara2@usdoj.gov>; Shur, Justin <jshur@mololamken.com>; Clarke, Elizabeth <eclarke@mololamken.com>
**Cc:** Sullivan, Edward (CRM) <Edward.Sullivan@usdoj.gov>; Taddei, John (CRM) <John.Taddei@usdoj.gov>; Johnson, Martese (CRM) <Martese.Johnson@usdoj.gov>
**Subject:** [EXTERNAL] RE: Govt's Amended Exhibit List

Rosie,

Aside from GX 6, it does not appear that the government has made any changes to the "Basis for Admissibility" column. Can you please confirm that GX 6 is the only change you have made? If there are other changes to that column, can you please identify the exhibits for which changes were made? Given the tight deadline for determining those objections that have not been resolved by the Court's rulings, we'd appreciate if you could provide the requested confirmation (or list of exhibits that has changed) no later than noon.

Thank you,
Eric

---

**From:** O'Gara, Rosaleen (CRM) <Rosaleen.O'Gara2@usdoj.gov>
**Sent:** Wednesday, August 24, 2022 9:00 PM
**To:** Shur, Justin <jshur@mololamken.com>; Nitz, Eric <enitz@mololamken.com>; Clarke, Elizabeth <eclarke@mololamken.com>
**Cc:** Sullivan, Edward (CRM) <Edward.Sullivan@usdoj.gov>; Taddei, John (CRM) <John.Taddei@usdoj.gov>; Johnson, Martese (CRM) <Martese.Johnson@usdoj.gov>
**Subject:** Govt's Amended Exhibit List

Eric, Justin, and Elizabeth:

Attached please find the Government's Amended Exhibit List. As discussed, we have removed a number of exhibits, but have not changed the exhibit numbers, so the removal of exhibits has resulted in gaps in the numbering.

In addition to those removals, we have redacted the following three exhibits and replaced one exhibit:

1. GX 140 – Pages 429931-33 were removed
2. GX 259 – Pages 8494-8515 were removed

3. GX 10 – 1st Page, HUD-OIG-0000351670 was removed
4. GX 6 has been replaced with the following document: DOJ-ODNI-0000002349-51

Please note that we have left the following exhibits on our list, but recognize that they may be either excluded or redacted, depending upon the Court's ruling on our Motion for Reconsideration re: the defendant's financial situation: GX 285, 286, 288, 295-313.

Thanks,

**Rosaleen O'Gara**
Trial Attorney
U.S. Department of Justice

---

This e-mail may contain attorney work product, privileged and/or confidential information. It is intended to be subject to the Attorney Client privilege. It is intended only for the original recipients, and no other person is authorized to receive it. Please do not copy or forward this e-mail without the consent of the author. If you have received this e-mail in error please delete it immediately from your system and contact the author. Molo Lamken LLP is a limited liability partnership formed under the laws of New York and the liability of its partners is limited accordingly. The names Molo Lamken and MoloLamken shall refer to Molo Lamken LLP.

This email has been scanned for viruses and malware.