| | |
|---|---|
| **From:** | Nitz, Eric |
| **To:** | Sullivan, Edward (CRM); O"Gara, Rosaleen (CRM); Taddei, John (CRM) |
| **Cc:** | Shur, Justin; Clarke, Elizabeth |
| **Subject:** | [EXTERNAL] RE: US v. Saffarinia |
| **Date:** | Sunday, August 28, 2022 9:12:06 AM |

Ed,

Nothing in the letter is inaccurate.  It's not our obligation to identify theories of admissibility for **your** exhibits.  If you assert that the exhibit is admissible for its truth under the business records exception and we disagree, for example, we have no obligation to generate some other rationale for admitting it.  That's your job as the proponent of the evidence.  We also disagree that you have "proffer[ed] … alternative bases for admissibility."  You have done nothing more than say that your exhibits—you do not say which ones—may also be admissible because they are not being offered for the truth, being offered for their effect on the listener, or are admissible under Rule 803(3)'s state-of-mind exception.  Your general invocation of those theories of admissibility does nothing to help us narrow the scope of our disputes when you refuse to identify which specific exhibits you are offering under each of those alternative theories.

We are not going to spend a significant amount of time addressing the admissibility of hundreds of exhibits on the grounds you've identified, only to have you assert additional or alternative bases of admissibility at some later time.  It will simply be a waste of the Court's time and our own.

We are required to advise the Court by 11:00 AM on Tuesday whether there are specific exhibits that are in dispute.  We need to inform the Court that disputes remain but that we cannot identify them with specificity such that it would be efficient or feasible for the Court to rule on them pre-trial.  The Court is entitled to know why, and the reasons why are articulated in our letter.  If you will not include the letter in a joint submission, we will attach it to our own filing.

Best regards,
Eric

---

**From:** Sullivan, Edward (CRM) <Edward.Sullivan@usdoj.gov>
**Sent:** Saturday, August 27, 2022 7:02 PM
**To:** Nitz, Eric <enitz@mololamken.com>; O'Gara, Rosaleen (CRM) <Rosaleen.O'Gara2@usdoj.gov>; Taddei, John (CRM) <John.Taddei@usdoj.gov>
**Cc:** Shur, Justin <jshur@mololamken.com>; Clarke, Elizabeth <eclarke@mololamken.com>
**Subject:** RE: US v. Saffarinia

Eric - We respectfully disagree with your framing of the correspondence between you and the government regarding the outstanding evidentiary disputes.  As we have noted previously, there is nothing preventing you from acknowledging, in the interests of efficiency and economy, well-established bases for admissibility for many of the exhibits we have identified for you, or if you disagree that an exhibit has only a limited basis for admissibility, from stating that as well.  We have worked hard to proffer, in good faith, multiple, alternative bases for admissibility, even in instances where a single basis we have cited would suffice in the usual course of trial preparations.

Nonetheless, it is the defendant's right to refuse to preadmit or concede the admissibility of any exhibit in advance of trial.  We understand that you are exercising this right.  However, we do not countenance your attempt in your attached letter to inaccurately frame your exercise of that right as a result of the government's "refusal to provide the complete basis for admissibility."  We cannot agree to your suggestion to a joint filing attaching your inaccurate letter as an exhibit.

Regards,

Ed

**From:** Nitz, Eric <enitz@mololamken.com>
**Sent:** Friday, August 26, 2022 3:54 PM
**To:** Sullivan, Edward (CRM) <Edward.Sullivan@usdoj.gov>; O'Gara, Rosaleen (CRM) <Rosaleen.O'Gara2@usdoj.gov>; Taddei, John (CRM) <John.Taddei@usdoj.gov>
**Cc:** Shur, Justin <jshur@mololamken.com>; Clarke, Elizabeth <eclarke@mololamken.com>
**Subject:** [EXTERNAL] US v. Saffarinia

Ed, Rosie, and John,

Please see the attached letter.

Best regards,
Eric

**Eric Nitz**

MOLOLAMKEN

600 New Hampshire Ave., NW
Washington, DC 20037
T:  (202) 556-2021
M: (202) 809-1243
F:  (202) 536-2021 / (202) 556-2001
enitz@mololamken.com
www.mololamken.com

This e-mail may contain attorney work product, privileged and/or confidential information. It is intended to be subject to the Attorney Client privilege. It is intended only for the original recipients, and no other person is authorized to receive it. Please do not copy or forward this e-mail without the consent of the author. If you have received this e-mail in error please delete it immediately from your system and contact the author. Molo Lamken LLP is a limited liability partnership formed under the laws of New York and the liability of its partners is limited accordingly. The names Molo Lamken and MoloLamken shall refer to Molo Lamken LLP.

This email has been scanned for viruses and malware.